UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAKIEMA JOHNSON, individually and on behalf of a class of similarly situated persons, <br><br> Plaintiff, <br><br> vs. <br><br> PIZZA HUT, INC., EYM GROUP, INC. and EYM PIZZA OF ILLINOIS, LLC, <br><br> Defendants. | Case No. 1:17-CV-06079 |

## NOTICE OF REMOVAL

Defendant Pizza Hut, LLC, successor in interest to Pizza Hut, Inc. ("Pizza Hut")[1], hereby removes this action to the U.S. District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332(d). In support thereof, Pizza Hut states as follows:

**I.    THE REMOVAL IS TIMELY FILED AND PROCEDURALLY PROPER.**

1.    On or about July 14, 2017, Plaintiff Shakiema Johnson ("Plaintiff") filed a Complaint in the Circuit Court of Cook County, Illinois, alleging a class action against Pizza Hut, EYM Group, Inc. ("EYM Group") and EYM Pizza of Illinois, LLC ("EYM Pizza"), Case No. 2017-L-007102. (*See* Exhibit A, which constitutes a copy of the Complaint, process and other documents served upon Pizza Hut in this action, attached hereto.)

2.    Pizza Hut was served with the Complaint on July 20, 2017. *Id*. Accordingly, removal is timely pursuant to 28 U.S.C. § 1446(b).[2]

---

[1] On May 20, 2016 Pizza Hut, Inc. was converted to Pizza Hut, LLC, and Pizza Hut, Inc. ceased to exist as a corporate entity. *See* Affidavit of Erika Burkhardt, attached as Exhibit B at ¶ 3.

[2] Thirty days from July 20, 2017, is Saturday, August 19, 2017. However, pursuant to Rule 6(a)(1), when "the last day of the period [] is a Saturday, Sunday, or legal holiday, the period continues to run until the

3.      Further, in accordance with 28 U.S.C. § 1446(d), all parties and the Clerk of the Circuit Court of Cook County are being served with copies of this Notice of Removal.

4.      Venue is proper in this Court.  Compl. at ¶ 2.

5.      All Defendants, including EYM Pizza and EYM Group, consent to removal.

## II.    THIS CASE MAY BE REMOVED BASED ON THE SUBSTANTIAL FEDERAL QUESTION DOCTRINE.

6.      Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's this action because it arises under federal law.  *See Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005).

7.      Specifically, Plaintiff's Complaint purports to bring a claim for unpaid wages on behalf of all non-exempt employees <u>nationwide</u>, which necessarily incorporates and depends upon the Fair Labor Standard Act, 29 U.S.C. § 201 *et seq*.  *See* Compl. at ¶¶ 10, 13, 15 and 16.  It is plainly evident that Plaintiff's request for nationwide class relief invokes federal law, as Illinois law has no application outside the State of Illinois.  *Id*.

8.      Further, an additional federal question exists because Plaintiff's Complaint necessarily states a federal issue as to the joint employer standard, which is actually disputed and substantial.  Compl. at ¶¶ 16, 23 – 26; *Grable*, 545 U.S. at 314.

9.      Thus, this action is properly removable to federal court pursuant to 28 U.S.C. §§ 1331.

---

end of the next day that is not a Saturday, Sunday, or legal holiday." Thus, this Notice is timely filed on Monday, August 21, 2017. *See, e.g.*, *Despres v. Ampco-Pittsburgh Corp.*, 577 F. Supp. 2d 604, 609 (D. Conn. 2008) (holding removal was timely filed on following Monday when 30-day period ended on Saturday).

### III. IN ADDITION OR IN THE ALTERNATIVE, THIS CASE MAY BE REMOVED BASED ON THE CLASS ACTION FAIRNESS ACT OF 2005.

10. Removal of this action is also proper pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d) ("CAFA"), because minimal diversity is satisfied, the potential class exceeds 100 people, and more than $5,000,000 in the aggregate is at controversy.

#### A. Minimal Diversity Exists.

11. As to minimal diversity, Pizza Hut is a Delaware limited liability company with its principal place of business in Texas. The sole member of Pizza Hut, LLC is Pizza Hut Guarantor, LLC, which is a Delaware limited liability company with its principal place of business in Texas. *See* Affidavit of Erika Burkhardt, attached as Exhibit B at ¶ 5.

12. Plaintiff is a resident of the State of Illinois. Compl. at ¶ 8.

13. Thus, minimal diversity is satisfied.

#### B. The Potential Class Exceeds 100 Individuals.

14. As to the size of the potential class, Plaintiff seeks to represent a class of "all former and current, non-exempt Pizza Hut, EYM Group, and EYM Pizza employees nationwide, who were compensated on an hourly basis [] under the IMWL and IWPCA at any time within the applicable limitations period and continuing through the present." Compl. at ¶ 10.

15. Under the Illinois Minimum Wage Law ("IMWL"), an employee may recover compensatory damages for the three-year period immediately preceding the filing of the original complaint, interest on all regular and overtime compensation due, and "damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid." 820 Ill. Comp. Stat. Ann. 105/12(a). *See also ABM Sec. Servs., Inc. v. Davis*, 646 F.3d 475, 477 (7th Cir. 2011).

16. Similarly, under the FLSA, a plaintiff alleging a willful violation may recover three years of damages, as well as liquidated damages. 29 U.S.C.A. §§ 255(a), 216(b).

17. Under the Illinois Wage Payment and Collection Act ("IWPCA"), an aggrieved employee is entitled to recover "the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid." 820 Ill. Comp. Stat. Ann. 115/14. The IWPCA does not set forth a statute of limitations, but it is commonly regarded as having a 10-year statute of limitations. *House v. Illinois Bell Tel. Co.*, 148 F. Supp. 3d 701, 705 (N.D. Ill. 2015).

18. From July 14, 2014 until July 14, 2017, Pizza Hut employed, through its affiliated operating entity, Pizza Hut of America, LLC, 51,460 non-exempt individuals nationwide. Ex. B at ¶ 9.

19. From July 14, 2007 until July 14, 2017, Pizza Hut employed, through its affiliated operating entity, Pizza Hut of America, LLC, 12,086 non-exempt individuals in Illinois. Ex. B. at ¶ 7.

20. Thus, the potential class exceeds 100 people.

**C.    The Amount in Controversy Exceeds $5,000,000.**

21. Finally, as the amount in controversy, Plaintiff does not specifically allege the number of hours she and her co-workers allegedly worked without proper compensation, however she does use the term "hours" in the plural form, indicating that this time exceeds one hour.[3] Compl. at ¶ 10.

---

[3] The amounts asserted in this Notice of Removal are merely those amounts which Plaintiff's Complaint can be reasonably read to be alleging as unpaid wages. While these amounts are in controversy, they are expressly and strongly denied by Pizza Hut as being owed to Plaintiff or to any other potential class member. Pizza Hut asserts that its time records accurately reflect the

22. In 2007, Pizza Hut operated, through its affiliated operating entity, Pizza Hut of America, LLC, 105 locations in Illinois. Ex. B at ¶ 6.

23. Assuming each of the 12,086 Pizza Hut employees located in Illinois worked only one hour of uncompensated overtime (calculated as time and a half) during each week of his or her employment at Pizza Hut between July 14, 2007 and July 14, 2017, based on each individual's hourly rate the damages on the IWPCA claim would amount to $14,473,087.77. [4] *Id*. at ¶ 8.

24. Similarly, assuming each of the 51,460 Pizza Hut employees nationwide worked only one hour of overtime (calculated as time and a half) during each week of his or her employment during each week of his or her employment at Pizza Hut between July 14, 2014, and July 14, 2017, based on each individual's hourly rate the damages on Plaintiff's claim on the IMWL claim would amount to $25,895,351.55. [5] *Id*. at ¶ 10.

25. The alleged unpaid wages under the IWPCA and the IMWL total $40,368,439.32.

26. Further, attorneys' fees and costs are recoverable under the IWPCA, the IMWL and the FLSA, and may be counted toward the amount in controversy under CAFA. 820 Ill. Comp. Stat. Ann. 115/14; 820 Ill. Comp. Stat. Ann. 105/12(a); 29 U.S.C.A. § 216(b). *See ABM Sec. Servs., Inc.*, 646 F.3d at 479 (holding recovery of more than $5 million was not legal impossibility, and thus removal under CAFA was warranted).

27. Thus, the $5,000,000 jurisdictional minimum is satisfied, even without consideration of the damages allegedly suffered by non-exempt employees of Defendants EYM Group and EYM Pizza.

---

hours worked by Plaintiff or any other potential class member; and that the proper wage rate was paid to Plaintiff or any other potential class member for all hours worked.
[4] This figure does not include interest or the 2% statutory penalty.
[5] This figure does not include interest or the 2% statutory penalty.

4715340v.1

## IV. CONCLUSION

As established above, removal is appropriate under either the substantial federal question doctrine or the CAFA.

Respectfully submitted this 21st day of August, 2017.

                                              **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

                                              */s/Susan Bassford Wilson*
                                              Susan Bassford Wilson, #6299054
                                              200 S. Wacker Drive, Suite 3100
                                              Chicago, Illinois 60606
                                              T: (314) 338-3740
                                              F: (314) 727-1978
                                              swilson@constangy.com

                                              ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of August, 2017, a copy of the above and foregoing was served via the Court's electronic filing system and FedEx, postage prepaid, on the following:

Uche O. Asonye
Adrian Jonak
Asonye and Associates
100 N. LaSalle Street, Suite 2115
Chicago, IL 60602
T: (312) 795-9110
uasonye@aa-law.com
ajonak@aa-law.com

Attorneys for Plaintiff

Kristine S. Phillips
O'HAGAN MEYER, PLLC
One E. Wacker Dr., Suite 3400
Chicago, Illinois 60601
T: (312) 422-6100
F: (312) 422-6110
kphillips@ohaganmeyer.com

Attorneys for EYM Group, Inc. and EYM Pizza of Illinois, LLC

*/s/Susan Bassford Wilson*
Attorney for Defendant