Attorney No.: 32035

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| SHAKIEMA JOHNSON, individually and on behalf of a class of similarly situated persons, | ) ) ) ) | Case No.: 2017L007102 CALENDAR/ROOM U TIME 00:00 Statutory Action |
| Plaintiffs, | ) ) | Judge: |
| v. | ) ) ) | **JURY DEMANDED** |
| Pizza Hut, Inc., EYM Group, Inc. and EYM Pizza of Illinois, LLC, | ) ) ) ) | Damages: over $50,000 |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiff, Shakiema Johnson, individually and on behalf of a class of similarly situated persons, by her undersigned attorney, complains of Defendants, Pizza Hut, Inc., EYM Group, Inc., and EYM Pizza of Illinois, LLC, as follows:

### NATURE OF THE CASE

1. Defendants have violated and continue to violate the Illinois Minimum Wage Law ("IMWL"), 820 ILCS §105/1 *et seq.* and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS §115/1 *et seq.*, by refusing and failing to pay Plaintiff and other similarly situated employees' wages for all hours worked including overtime wages.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over these claims under the IMLW, 820 ILCS § 105/12(a) and the IWPCA, 820 ILCS §115/11.

2. Venue is proper in this Court because the Pizza Hut store where Plaintiff works is located in Chicago, Cook County, Illinois.

Exhibit A

1

## PARTIES

1. Defendant Pizza Hut, Inc. ("Pizza Hut") conducts business in the State of Illinois.

2. Pizza Hut is an "employer" as defined by the IMWL, 820 ILCS 105/3(c), and IWPCA, 820 ILCS 115/2.

3. Defendant EYM Group, Inc. ("EYM Group") conducts business in the State of Illinois.

4. EYM Group is an "employer" as defined by the IMWL, 820 ILCS 105/3(c), and IWPCA, 820 ILCS 115/2.

5. Upon information and belief, EYM Group is a franchisee company that manages numerous Pizza Hut store locations.

6. Defendant EYM Pizza of Illinois, LLC ("EYM Pizza") is duly registered to conduct business in the state of Illinois.

7. Defendant EYM Pizza is an "employer" as defined by the IMWL, 820 ILCS 105/3(c), and IWPCA, 820 ILCS 115/2.

8. Plaintiff Shakiema Johnson ("Plaintiff") is female and a resident of the State of Illinois.

9. That during all times relevant herein, Plaintiff was employed by Defendants as an "employee" as defined by the IMWL, 820 ILCS 105/3(d), and IWPCA, 820 ILCS 115/2.

## CLASS ALLEGATIONS

10. Plaintiff seeks to represent a class defined as follows: all former and current, non-exempt Pizza Hut, EYM Group, and EYM Pizza employees nationwide, who were compensated on an hourly basis, and who were and continue to be denied wages for all hours worked, including overtime wages, due to them under the IMWL and IWPCA at any time within the applicable limitations period and continuing through the present.

11. This suit is brought pursuant to 735 ILCS 5/2-801 as a class action. Plaintiff and the class meet all the requirements for class certification.

12. The number of similar situated persons makes joinder impracticable.

13. In addition, Pizza Hut is a nationwide corporation, EYM Group conducts business in eight states, and EYM Pizza conducts business in Illinois and Indiana. As such, the proposed class is geographically dispersed. Other class members worked for Defendants for short time periods, and suffered relatively limited damages, due to their short duration of employment. These additional factors make joinder impracticable.

14. There are questions of fact common to Plaintiff and the class, and these questions predominate over any question that may exist with respect to the individual Plaintiff. Common questions of fact include, but are not limited to the following: 1) the fact that Plaintiff and the class were/are all compensated on an hourly basis; 2) the fact that Plaintiff and the class were/are all subject to the same wage and hour policies and procedures; 3) that Plaintiff and the class were/are all required to record their in and out times on the same electronic timekeeping system that was/is used by Defendants to disregard employees' hours so employees are unable to obtain overtime hours; and 4) the fact that Plaintiff and the class were/are all compensated by the same payroll department, on the basis of common time records, payroll policies, documents and computer systems.

15. In addition, there are questions of law common to Plaintiff and the class, including but not limited to the following: (1) whether the Defendants' failure to pay Plaintiff and the class wages for all hours worked violated the IMWL and IWPCA; and (2) whether the Defendants' failure to pay Plaintiff and the class overtime for all hours worked over forty in a one-week period violated Illinois and Federal law.

16. Plaintiff's claims are typical of the claims of the absent class members. Plaintiff and the class she seeks to represent are "employees" within the meaning of the FLSA, 29 U.S.C. § 203(d), IMWL, 820 ILCS 105/3(d) and IWPCA, 820 ILCS 115/2. Plaintiff individually suffered and was damaged by all violations complained of herein, and is typical of other hourly employees in all material respects.

17. Plaintiff, by virtue of the fact that she was personally damaged by the acts complained of herein, has a vested interest in obtaining her unpaid wages and overtime. Plaintiff has knowingly and willingly undertaken and is able to prosecute these claims on behalf of herself and all similarly-situated persons.

18. This is not a collusive or friendly action. Plaintiff has retained counsel experienced in wage and hour and in class action litigation.

19. Plaintiff and her counsel will fairly and adequately protect the interests of the class.

20. A class action is the most appropriate method for the fair and efficient resolution of the matters alleged in this Complaint.

## FACTUAL ALLEGATIONS

21. Defendants utilize a payroll system which requires employees to "check in" on a computer when starting their shift.

22. Employees are only able to see the hours they are scheduled to work that week and their hours for the preceding week. All other hours, whether scheduled or worked, are only visible by Defendants.

23. Plaintiff began her employment with Pizza Hut in 2015, at a store located at 8849 S. Stoney Island Ava, Chicago, IL 60617.

24. Prior to approximately July 18, 2016, Plaintiff was scheduled to work forty (40) hours per week on average, but regularly picked up additional shifts.

25. Plaintiff and her co-workers were consistently paid for their overtime work at a rate of one and a half times their regular pay.

26. On or about July 18, 2016, on information and belief there was a corporate reorganization and/or reacquisition between Defendants.

27. After approximately July 18, 2016, Plaintiff was scheduled to work, on average, 35 hours per week. However, Plaintiff continued to regularly pick up additional shifts.

28. Plaintiff was never paid time and a half for the hours she worked in excess of forty (40) hours per week.

29. Plaintiff's co-workers also ceased being paid time and a half for hours in excess of forty (40) hours per week.

30. Plaintiff and other co-workers complained to Flora Jones ("Jones"), store manager, about not receiving full pay.

31. In response, Jones stated that they should speak with someone from Defendants' corporate offices.

32. Plaintiff called human resources for Defendants and asked why employees were not being paid for their overtime hours.

33. In response, a human resource manager stated that Defendants do not pay overtime hours. Instead, they "pull" employee time cards if they are close to exceeding forty (40) hours.

34. For illustration, Plaintiff's work week, for the purpose of calculating weekly hours, begins on Tuesday of each week and ends on the following Monday. However, if an

employee is close to exceeding forty hours worked, Defendants stop counting that employee's hours earlier in the week.

35. This practice of cutting the work week short had the effect of making it impossible for employees to be paid for any hours exceeding forty (40) hours in one week.

36. Defendants are engaging in this practice in order to avoid paying overtime rates to their employees.

37. This practice also prevents certain Defendants' employees from being capable of receiving benefits as employees must be working full time to receive benefits.

## COUNT I – ILLINOIS MINIMUM WAGE LAW

38. Plaintiff incorporates the preceding paragraphs by reference herein.

39. At any and all time relevant hereto, Plaintiff performed labor services for Defendants.

40. The IMWL requires that employers covered by the Act pay wages at a specific amount.

41. The failure to pay any wages constitutes a violation of the IMWL requirement that employees are paid wages at the minimum wage pursuant to 820 ILCS § 105/4(a).

42. Plaintiff frequently worked hours for which Defendants did not provide compensation.

43. Defendants were aware that Plaintiff was working more hours than she was originally scheduled to work, but nevertheless allowed such work to continue without compensation.

44. Defendants' conduct was willful and done with the purpose and intent of depriving employees of all wages due to them.

45. As a result of Defendants' practices, Plaintiff failed to receive due wages for regular hours worked.

46. As such, Defendants have violated the IMWL, 820 ILCS 105/4(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Shakiema Johnson respectfully requests that this Court enter an order as follows:

a. To enter judgment in favor of the Plaintiff and the class she represents, and against Defendants for a judgment for all back wages due, as provided by the Illinois Minimum Wage Law, 820 ILCS 105/ *et seq*:

b. Order a permanent injunction prohibiting Defendants from further acts of not properly compensating their employees for hours worked.

c. For a prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages under the Illinois Minimum Wage Law, 820 ILCS 105/12a;

d. Award Plaintiff an additional 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid for Defendants' willful and wanton conduct;

e. For reasonable attorney's fees and costs of this action as provided by the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq.;

f. Award Plaintiff all remedies and relief available under The Illinois Minimum Wage Law; and

g. Grant such other and further relief as this Court deems just and proper.

## COUNT II - VIOLATIONS OF THE ILLINOIS MINIMUM WAGE ACT

47. Plaintiff incorporates the preceding paragraphs by reference herein.

48. Defendants did not pay Plaintiff overtime wages for all hours worked in excess of forty (40) in each week, at the rate of one and one half their regular rate in violation of the maximum hours provision of the Illinois Minimum Wage Law, 820 ILCS 105/4a(1).

49. Plaintiff frequently worked hours for which Defendants did not provide compensation.

50. Defendants were aware that Plaintiff was working more hours than she was originally scheduled to work, but nevertheless allowed such work to continue without compensation.

51. Defendants' conduct was willful and done with the purpose and intent of depriving employees of all overtime wages due to them.

52. As a result of Defendants' practices, Plaintiff failed to receive due wages for regular hours worked.

53. As such, Defendants have violated the IMWL, 820 ILCS 105/4a(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Shakiema Johnson respectfully requests that this Court enter an order as follows:

a. To enter judgment in favor of the Plaintiff and the class she represents, and against Defendants for a judgment for all back wages due, as provided by the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq*;

b. Order a permanent injunction prohibiting Defendants from further acts of not properly compensating their employees for hours worked.

c. Award Plaintiff and each and every class member she represents 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid;

    d. Award Plaintiff and each and every class member she represents an additional 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid for Defendants' willful and wanton conduct;

    e. For reasonable attorney's fees and costs of this action as provided by the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq.;

    f. Award Plaintiff all remedies and relief available under The Illinois Minimum Wage Law; and

    g. Grant such other and further relief as this Court deems just and proper.

## COUNT III – ILLINOIS WAGE PAYMENT AND COLLECTION ACT

54. Plaintiff incorporates the preceding paragraphs by reference herein.

55. At any and all times relevant hereto, at Defendants' request, Plaintiff performed labor services for Defendants.

56. Defendants promised and agreed to pay Plaintiff for said labor at hourly rates which varied during the relevant time period and pursuant to Illinois Wage Payment and Collection Act, 820 ILCS 115/ et seq., Plaintiff is entitled to be paid for her wages, pursuant to this agreement.

57. Defendants promised and agreed to pay Plaintiff overtime wages at a rate of one and one-half times her regular rates of pay for hours worked over forty hours in a one-week period.

58. Defendants have failed, neglected, or refused to pay Plaintiff all of her regular and overtime wages pursuant to 820 ILCS 115/4; and as a direct and proximate result thereof, Plaintiff and the class she represents has suffered great economic damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Shakiema Johnson respectfully requests that this Court enter an order as follows:

a. To enter judgment in favor of the Plaintiff and the class she represents, and against Defendants for the back wages due, plus prejudgment interest at the statutory rate pursuant to 815 ILCS 205/2;

b. Order a permanent injunction prohibiting Defendants from further acts of not properly compensating their employees for hours worked.

c. Award Plaintiff and each and every class member she represent an amount equal to 2% of the amount of any such under payments for each month following the date of payment during which such under payments remain unpaid;

d. For reasonable attorney's fees and costs of this action as provided by the Illinois Attorneys' Fees in Wage Actions Act, 705 ILCS 225/1;

e. Award Plaintiffs all remedies and relief available under The Wage Payment and Collection Act;

f. Grant such other and further relief as this Court deems just and proper.

Respectfully Submitted,
Shakiema Johnson,

By: /s/ Adrian Jonak
One of Her Attorneys

Uche O. Asonye - 6209522
Adrian Jonak - 6324128
Asonye & Associates
100 North LaSalle Street, Suite 2115
Chicago, Illinois 60602
(312) 795-9110
uasonye@aa-law.com
ajonak@aa-law.com

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | |

(01/25/17) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Shakiema Johnson, individually and on behalf of a class of similarly situated persons
(Name all parties)

v.

Pizza Hut, Inc., EYM Group, Inc., EYM Pizza of Illinois, LLC

No. 2017L007102
CALENDAR/ROOM U
TIME 00:00
Statutory Action

### ☉ SUMMONS ☐ ALIAS SUMMONS

To each Defendant: Pizza Hut, Inc.   c/o CT Corporation System, 208 S. LaSalle St., Ste. 814, Chicago, IL 60604

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __801_____, Chicago, Illinois 60602
☐ District 2 - Skokie        ☐ District 3 - Rolling Meadows      ☐ District 4 - Maywood
   5600 Old Orchard Rd.         2121 Euclid                         1500 Maybrook Dr.
   Skokie, IL 60077              Rolling Meadows, IL 60008           Maywood, IL 60153
☐ District 5 - Bridgeview    ☐ District 6 - Markham 16501         ☐ Child Support: 50 W.
   10220 S. 76th Ave.           S. Kedzie Pkwy. Markham,             Washington, LL-01,
   Bridgeview, IL 60455         IL 60428                             Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 32035
Name: Uche O. Asonye
Atty. for: Asonye and Associates
Address: 100 N. LaSalle Street, Suite 2115
City/State/Zip Code: Chicago, IL 60602
Telephone: (312) 795-9110
Primary Email: uasonye@aa-law.com
Secondary Email: uasonye@aa-law.com
Tertiary Email:_____

Witness: **DOROTHY BROWN JUL 1 4 2017**
**CLERK OF CIRCUIT COURT**

DOROTHY BROWN, Clerk of Court

Date of Service:_____
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

_____
(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1

DOC.TYPE: LAW
CASE NUMBER: 17L007102
DEFENDANT
PIZZA HUT INC
208 S LASALLE ST
CHICAGO, IL 60604
STE 814

DIE DATE
08/07/2017

SERVICE INF
RM 801 C/O
SYSTEM

ATTACHED

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | |

(01/25/17) CCG N001

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Shakiema Johnson, individually and on behalf of a class of similarly situated persons

(Name all parties)

v.

Pizza Hut, Inc., EYM Group, Inc., EYM Pizza of Illinois, LLC

No. 2017L007102
CALENDAR/ROOM U
TIME 00:00
Statutory Action

## ☑ SUMMONS ☐ ALIAS SUMMONS

To each Defendant: Pizza Hut, Inc. c/o CT Corporation System, 208 S. LaSalle St., Ste. 814, Chicago, IL 60604

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602
☐ District 2 - Skokie  ☐ District 3 - Rolling Meadows  ☐ District 4 - Maywood
   5600 Old Orchard Rd.      2121 Euclid                    1500 Maybrook Dr.
   Skokie, IL 60077          Rolling Meadows, IL 60008      Maywood, IL 60153
☐ District 5 - Bridgeview  ☐ District 6 - Markham 16501  ☐ Child Support: 50 W.
   10220 S. 76th Ave.          S. Kedzie Pkwy. Markham,      Washington, LL-01,
   Bridgeview, IL 60455        IL 60428                      Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 32035
Name: Uche O. Asonye
Atty. for: Asonye and Associates
Address: 100 N. LaSalle Street, Suite 2115
City/State/Zip Code: Chicago, IL 60602
Telephone: (312) 795-9110
Primary Email: uasonye@aa-law.com
Secondary Email: uasonye@aa-law.com
Tertiary Email: _____

Witness: **DOROTHY BROWN**
CLERK OF CIRCUIT COURT

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

_____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1

DOC.TYPE: LAW
CASE NUMBER: 17L007102
DEFENDANT
PIZZA HUT INC
208 S LASALLE ST
CHICAGO, IL 60604
STE 814

SERVICE INF
RM 801 C/O
SYSTEM

ATTACHED

DIE DATE
08/07/2017

 **CT Corporation**

**Service of Process Transmittal**
07/20/2017
CT Log Number 531610402

**TO:** Sarah Jordan, Paralegal
Pizza Hut of America, LLC
7100 Corporate Dr
Plano, TX 75024-4100

**RE:** **Process Served in Illinois**

**FOR:** Pizza Hut, Inc. (Domestic State: CA)
*According to our records representation services for this entity have been discontinued in this jurisdiction.*

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OFACTION:** | SHAKIEMA JOHNSON, individually and on behalf of a class of similarly situated persons, Pltf. vs. Pizza Hut, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summonses, Attachment(s), Complaint |
| **COURT/AGENCY:** | Cook County Circuit Court - County Department - Law Division, IL<br>Case # 2017L007102 |
| **NATURE OF ACTION:** | Plaintiff's respectfully requests that this Court enter an order against violations of the Illinois minimum wage act (See Document(s) for additional information) |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/20/2017 at 10:30 |
| **URISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this Summons, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Adrian Jonak<br>Asonye & Associates<br>100 North LaSalle Street, Suite 2115<br>Chicago,, IL 60602<br>(312) 795-9110 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/20/2017, Expected Purge Date: 07/25/2017<br><br>Image SOP<br><br>Email Notification, Sarah Jordan sarah.jordan@yum.com<br><br>Email Notification, Chris Cassano chris.cassano@yum.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>312-345-4336 |

Page 1 of 1 / AK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.